IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BRIDGET REILLY,                        )
                                       )
            Plaintiff,                 )    TC-MD 111201N
                                       )
      v.                               )
                                       )
LANE COUNTY ASSESSOR,                  )
                                       )
            Defendant,                 )
                                       )
      and                              )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
            Defendant-Intervenor.      )    **DECISION**

Plaintiff filed her Complaint on November 10, 2011, challenging Defendant-Intervenor's

Account Inactivation notice, dated September 22, 2011, inactivating property identified as

0964005 (subject property) from the senior and disabled property tax deferral program for the

2011-12 tax year because Plaintiff does not "have homeowner's insurance." (Ptf's Compl at 2.)

A case management conference was held in this matter on March 20, 2012, during which the

parties discussed Plaintiff's appeal.

In 2011, the Oregon legislature passed House Bill (HB) 2543, amending the requirements

for participation in the senior and disabled property tax deferral program. Or Laws 2011, ch 723

§§ 1-32. HB 2543 amended Oregon Revised Statutes (ORS) 311.670(1)[1] to state that "[p]roperty

is not eligible for tax deferral under ORS 311.666 to 311.701 unless, at the time a claim is filed

and during the period for which deferral is claimed: * * * * * (c) [t]he homestead is insured for

fire and other casualty." Or Laws 2011, ch 723 § 3. Defendant-Intervenor denied Plaintiff's

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

application for deferral based on its determination that "Plaintiff indicated on the recertification form that the homestead on which she wishes to continue deferral is NOT insured for fire & other casualty." (Inv's Answer at 1.)

During the conference on March 20, 2012, Plaintiff confirmed that she does not have fire or other casualty insurance for the subject property improvement. She stated that the subject property is not insured because she cannot afford insurance given her fixed income from social security and her other payment obligations, including a mortgage and, as of the 2011-12 tax year, property taxes. The court inquired whether Plaintiff wished to provide any additional evidence or written arguments for the court's consideration in this matter. Plaintiff declined, stating that she the issue is not "academic," but rather "it's just math." Plaintiff reiterated that she cannot afford insurance in addition to her mortgage payments. Defendant-Intervenor's representative stated that Plaintiff may reapply for the deferral program if she insures the subject property in the future. Plaintiff inquired about property tax collection procedures and Defendant-Intervenor's representative provided Plaintiff with contact information for the Lane County Assessor's Office.

Plaintiff admits that she did not have fire or other casualty insurance on the subject property as of April 15, 2011, or as of the March 20, 2012, case management conference. Plaintiff stated that the subject property is not insured because she cannot afford insurance. The court finds that the subject property does not qualify for the senior and disabled property tax deferral program for the 2011-12 tax year under ORS 311.670(1)(c). The court is not aware of any exception to ORS 311.670(1)(c) for financial hardship or otherwise and the court has no

/ / /

/ / /

/ / /

authority to grant an exception for Plaintiff. Under such circumstances, the court finds that

Plaintiff's appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of March 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 21, 2012. The Court filed and entered this document on March 21, 2012.*

DECISION TC-MD 111201N                                                                          3